Filed 6/25/24  P. v. Santoyo CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098879 |
| Plaintiff and Respondent, | (Super. Ct. No. 22FE003557) |
| v. | |
| SALVADOR SANTOYO, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Salvador Santoyo has asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Having conducted this review, we will order the trial court to correct a clerical error in the abstract of judgment.  Finding no other errors that would result in a disposition more favorable to defendant, we will affirm the judgment.

BACKGROUND

Sacramento police officers stopped a car defendant was driving and found methamphetamine on the floor and rifle ammunition in the center console.  An officer

1

searched defendant's cellphone and found text messages, photographs, and videos that showed defendant offering to sell an SKS rifle with a 50-round magazine.

The People initially charged defendant with unlawful possession of ammunition and possession of methamphetamine, also alleging defendant had previously been convicted of a serious felony. The People then amended the complaint to additionally charge defendant with two counts of unlawful possession of a firearm and one count of unlawful possession of an assault weapon. After a preliminary examination, the magistrate held defendant to answer on all five counts. Defendant then moved to dismiss count three, which alleged unlawful possession of a handgun, for insufficient evidence. The trial court granted the motion and dismissed count three.

The parties then stipulated to deem the action as having been previously terminated and to proceed on the existing accusatory pleading with the timelines for preliminary examination and trial reset, pursuant to Penal Code section 1387.2. After another preliminary examination, the magistrate again held defendant to answer on all five counts. The People then amended the information to additionally charge defendant with offering an assault weapon for sale and another count of unlawful possession of ammunition.

In December 2022, the trial court granted the People's motion to continue the trial due to the illness of a key witness. After the first morning of presenting evidence at the continued trial, defendant moved for a mistrial due to a health emergency in defense counsel's family. The court granted the motion without objection.

At the rescheduled trial, the jury found defendant guilty of possession of methamphetamine but could not reach a verdict on the remaining six counts. The trial court declared a mistrial as to the remaining counts. At the retrial of the remaining counts, the People amended the information to allege circumstances in aggravation of the offenses. The jury found defendant guilty of offering an assault weapon for sale but

2

could not reach a verdict on the remaining five counts. The court declared a mistrial as to the remaining counts.

Defendant waived his right to a jury trial on the allegations that he had a prior serious felony conviction and that certain circumstances aggravated the offenses. The trial court found the prior serious felony conviction allegation true and found that: Defendant's prior convictions were numerous and increasingly serious, defendant served a prior prison term, and defendant was on postrelease community supervision at the time of the offenses.

The trial court then sentenced defendant to the upper term of eight years in prison for offering an assault weapon for sale, which was doubled to 16 years in prison due to defendant's prior serious felony conviction. The court denied probation for misdemeanor possession of methamphetamine and imposed no additional time in jail. Defendant received credit for 475 days in custody prior to sentencing, plus 474 days of conduct credit. The court imposed a $300 restitution fine and imposed then suspended a $300 parole revocation restitution fine. The court waived all other fines and fees. Defendant timely appealed from the judgment.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d at pp. 441-442.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we note that the abstract of judgment indicates in section one that the trial court imposed a middle-term sentence, when the trial court in fact imposed the upper-term sentence. We

3

will order the trial court to correct this clerical error.  Finding no other errors that would result in a disposition more favorable to defendant, we will affirm the judgment.

## DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare a corrected abstract of judgment in accordance with this opinion and to forward a certified copy to the Department of Corrections and Rehabilitation.


_____\\s\\_____,
Krause, J.


We concur:


_____\\s\\_____,
Earl, P. J.


_____\\s\\_____,
Duarte, J.

4